**FILED**
**U.S. District Court**
**District of Kansas**
05/26/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CEDRIC A. GIBSON,

      Plaintiff,

      v.                         **CASE NO. 26-3107-JWL**

MUNICIPAL CITY COURT,
et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Cedric A. Gibson brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is currently housed at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC"). On April 29, 2026, the Court entered a Notice of Deficiency (Doc. 2) ("NOD") directing Plaintiff to resubmit his complaint on the Court-approved form and to either pay the filing fee or file a motion for leave to proceed in forma pauperis. The deadline to cure the deficiencies is May 29, 2026.

Plaintiff has filed a motion seeking appointment of counsel (Doc. 3), arguing that he is indigent. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will

volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice.

Plaintiff has also filed a response to the NOD indicating that he thought he was going to be released at a court hearing on May 19, 2026, but he is still in custody at the WCDC. (Doc. 4, at 1.) Plaintiff asks about the status of his motion seeking appointment of counsel. *Id*. As set forth above, the Court is denying the motion without prejudice. The Court will construe Plaintiff's response as a motion seeking an extension of time to comply with the Court's NOD. The Court will grant Plaintiff a short extension of time.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion seeking appointment of counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to comply with the Court's NOD at Doc. 2 is extended to **June 8, 2026.**

**IT IS SO ORDERED**.

**Dated May 26, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**