**FILED**
**U.S. District Court**
**District of Kansas**
06/18/2026
**Clerk, U.S. District Court**
By:_ SND _Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CEDRIC A. GIBSON,

      **Plaintiff,**

      v.                            **CASE NO. 26-3107-JWL**

MUNICIPAL CITY COURT,
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is currently in custody at the Wyandotte County Detention Center in Kansas City, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.

### 1.  Nature of the Matter before the Court

Plaintiff's Complaint is largely incomprehensible and names the Municipal City Court as the sole defendant.[1]  Plaintiff states for the nature of his case:

> Act of God (act of nature or actus dei or cases fortuiutus [sic] or force of nature or fortuitous event) a cause of damage or interference without human fault.  Act of God describes any storm, wind, earthquake, meteorite strike, falling limb, or other occurrence not precipitated by a human agency, which causes damage injury, delay or some other harm unless a contract specifies otherwise, performance under a contract.

(Doc. 7, at 2.)

---

[1] Plaintiff initially filed a two-page complaint (Doc. 1) that named the Municipal City Court, detective agency, police officer agency, and tireplace owner as defendants.  Plaintiff's Complaint on the Court-approved form (Doc. 7) only names the Municipal City Court as a defendant.

As Count I, Plaintiff alleges "contracts, economic torts, negligence and restitution trespass on the case practice the technical name of an action instituted for the recovery of damages." *Id*. at 3.  His supporting facts state "so specified must be treated as established in the action." *Id*.

As Count II, Plaintiff states "establishing liability an interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." *Id*.  For his supporting facts, he states "material fact a fact that it might alter the outcome of a dispute, a material fact is a fact that is important in some way to a given situation that is at issue." *Id*.

As Count III, Plaintiff states "[t]o rebut the first party case through a contradiction of evidence a defense of fact or of law impeachment to the credibility of the evidence." *Id*. at 4.  For his supporting facts he states "[a]dvocacy the presentation of the argument in law or equity that the facts underling an argument will allow." *Id*.

Plaintiff defines the term "request for relief" in the section of the Complaint asking him to state his request for relief.  *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48

(1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

3

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff has failed to state a claim for relief in his Complaint. Plaintiff's Complaint includes phrases and legal terms, but sets forth no facts related to any cause of action. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff fails to allege the violation of a right secured by the Constitution and laws of the United States, and fails to show that any act was committed by a person acting under color of state law. Plaintiff also fails to seek any relief in his Complaint.

Plaintiff's Complaint is also frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Plaintiff initiated this case with a two-page complaint that is largely incomprehensible. *See* Doc. 1. Plaintiff was directed to submit his claims on the Court-approved form, and that

4

Complaint is likewise incomprehensible.  *See* Doc. 7.  The Court finds any further attempt to cure the defects through an amended complaint would be futile.  Therefore, the Court dismisses this action as frivolous and for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** as frivolous and for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 18, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
