**FILED**
**U.S. District Court**
**District of Kansas**
07/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CEDRIC A. GIBSON,

      **Plaintiff,**

      v.                              **CASE NO. 26-3107-JWL**

MUNICIPAL CITY COURT,
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is currently in custody at the Wyandotte County Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On June 18, 2026, the Court entered a Memorandum and Order dismissing this matter as frivolous and for failure to state a claim. (Docs. 10, 11.) This matter is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. 12).

In dismissing this case, the Court noted that Plaintiff's Complaint is largely incomprehensible and names the Municipal City Court as the sole defendant. The Court found that Plaintiff failed to state a claim for relief in his Complaint. Plaintiff's Complaint includes phrases and legal terms, but sets forth no facts related to any cause of action. Plaintiff also failed to seek any relief in his Complaint. The Court found that the Complaint is also frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court found that Plaintiff initiated this case with a two-page complaint that is largely incomprehensible. *See* Doc. 1. Plaintiff was directed to submit his claims on the Court-approved form, and that Complaint is likewise incomprehensible. *See* Doc. 7. The Court found that any

further attempt to cure the defects through an amended complaint would be futile.  Therefore, the Court dismissed this action as frivolous and for failure to state a claim.

On July 6, 2026, Plaintiff filed a motion seeking relief from a final judgment (Doc. 12). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff cites some of the language from Fed. R. Civ. P. 60 and sets forth a definition for "final judgment" in his motion.  (Doc. 12, at 1–2.)  Plaintiff makes no argument as to the Court's June 18, 2026 Memorandum and Order.  Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.   Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its June 18, 2026 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Relief from Judgment (Doc. 12) is **denied.**

**IT IS SO ORDERED**.

**Dated July 8, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3